JEFFREY G. NEVIN, ESQ. (SBN 114295)
E-mail: jgn@nevinlawfirm.com
JAMES L. ARMSTRONG, ESQ. (SBN 87797)
E-mail: jla@nevinlawfirm.com
NEVIN LAW FIRM, P.C.
1939 Harrison Street, Suite 200
Oakland, CA 94612
T: (510) 350-7338
F: (415) 520-9668
Attorneys for Plaintiffs, Rational Solutions, LLC, and Stanislav Shalayev

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA – OAKLAND

| | |
|---|---|
| RATIONAL SOLUTIONS, LLC and STANISLAV SHALAYEV<br><br>Plaintiffs<br><br>v.<br><br>THINK SURGICAL, INC., INNA VAYSMAN and GREGORY VAYSMAN a/k/a GRIGORY VAYSMAN<br><br>Defendants. | CASE NO. CV-19-457<br><br>**COMPLAINT FOR:**<br>1) Deceit/Fraud<br>2) Breach of Contract (Distribution Agreement)<br>3) Breach of Contract (Business Development Consultancy Agreement)<br>4) Breach of Contract (Consultancy Agreement)<br>5) Breach of Good Faith and Fair Dealing<br>6) Tortious Interference with Contract<br>7) Deceit/Fraud<br>8) Tortious Interference with Contract<br><br>**DEMAND FOR JURY TRIAL** |

### INTRODUCTION

1. Plaintiffs, Rational Solutions, LLC ("Rational Solutions"), Stanislav Shalayev ("Dr. Shalayev" and "Shalayev") bring this action to recover over $20 million in damages due to Defendant Think Surgical's bad faith conduct in fraudulently inducing Plaintiffs to develop the next generation robotic medical devices and fraudulently inducing Plaintiffs to develop distribution agents to market and sell the robotic medical devices in Russian speaking nations and territories of the former Soviet Union, and also in Israel, which thereby induced Plaintiffs to expend extensive time and money to carry out its agreement, which Defendants never intended to honor. Defendants intended for Plaintiffs to develop

1
COMPLAINT AND DEMAND FOR JURY TRIAL

distributors, but then to terminate Plaintiffs' services, in breach of their Consultancy Agreement and exclusive Distribution Agreement, and to contract directly with the distributing agents developed by Plaintiffs, excluding Plaintiffs from all rightful distribution fees and commission, all to Plaintiffs' great detriment and damages.  Moreover, the agents Plaintiffs developed, Defendants Inna and Gregory Vaysman, defrauded Plaintiffs through their omissions of fact and, conspiring with employees and principals of Defendants Think Surgical and its parent company, Curexo, of South Korea, a scheme to interfere with and deprive Plaintiffs of benefits owed under contracts with Defendant Think Surgical, all to Defendants' advantage(s).

## PARTIES

2. The Plaintiff, Rational Solutions, LLC, is a Massachusetts limited liability company with a principal place of business at 27 Pinecrest Drive, Dalton, Massachusetts, all whose members are domiciled in Massachusetts.

3. The Plaintiff Stanislav Shalayev is a natural person domiciled in Stockbridge, Massachusetts.

4. The Defendant Think Surgical, Inc. ("Think Surgical") is a Delaware corporation having a principal place of business at 47201 Mission Falls Court, Fremont, California.

5. Defendant Inna Vaysman is a natural person domiciled at Mityana str. 7/1-798, Moscow, Russia, and owner of OOO Analitica M.

6. Defendant Gregory Vaysman a/k/a Grigory Vaysman is a natural person domiciled at Ulianovskaya str. 27/53, apartment 57-58, Saratov, Russia, and owner of OOO Analitica M.

7. On information and belief, Defendants acted individually, jointly, and/or by and through their agents, servants, and/or employees, and are vicariously liable for the actions or inactions of their agents, servants, employees.

## JURISDICTION AND VENUE

8. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.  Plaintiffs are citizens of Massachusetts.  Defendant Think Surgical, Inc. is a citizen of Delaware and California.  Defendants Inna Vaysman and Gregory Vaysman are citizens of Russia.  Therefore, complete diversity of citizenship exists. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

Defendant Think Surgical is subject to personal jurisdiction by this Court because it has its principal place of business in California.

9. Defendants Inna and Gregory Vaysman are subject to personal jurisdiction by this Court because they have committed such purposeful acts and/or transactions in the State of California that they reasonably knew and/or expected that they could be hailed into a California court as a future consequence of such activity. Inna and Gregory Vaysman committed tortious conduct against Plaintiffs in California by, inter alia, meeting and conspiring with Co-Defendants Think Surgical and/or Curexo in Fremont, California, and entering into contracts with Think Surgical in California, to work as exclusive distributors, while ousting Plaintiffs as Think Surgical's distributors of its robotic medical devices.

10. Venue in the Northern District of California - Oakland is proper pursuant to 28 U.S.C. § 1391 because Defendant Think Surgical is located in this District, a substantial part of the events or omissions on which the claims asserted herein are based occurred in this District, specifically Fremont, California, and the contract between Think Surgical and Plaintiffs provides for jurisdiction and venue in a court within Alameda County, which is where this Court is physically present.

## FACTS

### Rational Solutions' Contracts with Defendant Think Surgical

11. The Defendant Think Surgical is part of a Korean-American conglomerate engaged, among other businesses, in the development and provision of advanced robotic medical equipment. Think Surgical is owned in part by Curexo, Inc. which is a Korean corporation and is the part owner. Curexo's majority shareholder is Korea Yakult Co., Ltd. These companies are constituent parts of the aforesaid conglomerate, which takes direction from a cadre of officers having interlocking relationships in companies in the conglomerate, including but not limited to Curexo and Yakult.

12. On March 1, 2013, Rational Solutions entered into a Consultancy Agreement with Curexo Technology Corporation, Inc. This Consultancy Agreement provided that Rational Solutions would act as a "consultant" to Curexo Technology Corporation, Inc., relative to the development of next generation robotic medical devices. (A copy of the Consultancy Agreement is attached to this Complaint as Exhibit A.)

13. As part of this Consultancy Agreement, Rational Solutions and its principals were obligated to provide consultancy for the development of next generation robotic medical devices; and to attend professional conferences to provide information, related to ongoing technical and clinical development of the market.

14. On August 1, 2014, Rational Solutions entered into the Business Development Consultancy Agreement with Think Surgical, effective July 1. 2014. (A copy of the Business Development Consultancy Agreement is attached to this Complaint as Exhibit B.)

15. On or about September 14, 2014, Curexo Technology Corporation, Inc., filed a certificate of amendment with the Delaware Secretary of State's office, formally changing its corporate name to "Think Surgical, Inc.".

16. The Business Development Consultancy Agreement provided that Rational Solutions would "develop business opportunities for distribution of Think Surgical products in Russian-speaking nations and territories of the former Soviet Union."

17. In the Business Development Consultancy Agreement, Think Surgical agreed to pay Rational Solutions $8,000 per month (plus expense reimbursement) for its services.

18. Between August 1, 2014 and March 1, 2016, Rational Solutions developed business opportunities for distribution of Think Surgical products worldwide, including but not limited to in Russian-speaking nations and territories of the former Soviet Union, as well as in the State of Israel.

19. On March 1, 2016, Rational Solutions entered into its 3d contract with Think Surgical, the Distribution Agreement. (A copy of the Distribution Agreement is attached to this Complaint as Exhibit C.)

20. The Distribution Agreement provided that Rational Solutions was appointed Think Surgical's "Exclusive Authorized Distributor" of Think Surgical's robotic equipment for orthopedic surgery within Russian-speaking nations and territories of the former Soviet Union, which was defined in the Agreement as "includ[ing] but…not limited to the nations of Armenia, Azerbaijan, Belarus, Bulgaria, Estonia, Georgia, Kazakhstan, Kyrgyzstan, Latvia, Lithuania, Moldova, Russia, Tajikistan, Turkmenistan, Ukraine, and Uzbekistan."

21. In the Distribution Agreement, Rational Solutions' compensation was to be in the form of a mark-up of equipment established by Think Surgical on the "Distributor Price List" generated by Think Surgical to its Distribution agents.

22. The March 1, 2016 Distribution Agreement between Think Surgical and Rational Solutions had an initial term of March 1, 2016-March 1, 2022 (plus extensions).

23. On April 30, 2016, the Distribution Agreement was amended to add the State of Israel to the territories of which Rational Solutions would serve as Think Surgical's exclusive distribution agent. (A copy of this Amendment to the Distribution Agreement is attached to this Complaint as Exhibit D.)

24. In fulfilling its contract duties, Rational Solutions found and introduced to Think Surgical a multiple of persons and companies which expressed an interest in becoming Rational Solutions agents for distribution of Think Surgical's medical robotic equipment in the territories in which Rational Solutions was Think Surgical's distributor.

25. In 2016, in a good faith gesture of its relationship with Think Surgical, Rational Solutions placed $400,000 on deposit with Think Surgical for the delivery of two (2) medical robotic units.

**Rational Solutions' Contracts with Distribution Agents - Analitica,**

**MRS and Innovative Medical Technologies**

26. Among the contacts and opportunities Rational Solutions developed between August 1, 2014 and April 15, 2016, were with Inna Vaysman and Gregory Vaysman ("the Vaysman Defendants"), owners of OOO Analitica M ("Analitica"), Medical Robotic Systems, Ltd., ("MRS") and Innovative Medical Technologies, ("Innovative"). The Vaysmans expressed an interest in becoming Rational Solutions agent for distribution of Think Surgical's medical robotic equipment in the territories in which Rational Solutions was Think Surgical's distributor.

27. On April 15, 2016, pursuant to the authorization contained in the Distribution Agreement with Think Surgical and also pursuant to the active direction and the explicit approval/ratification by Think Surgical, Rational Solutions entered into a contract with the Vaysmans' company, Analitica whereby Analitica was appointed Rational Solutions "exclusive distribution agent" to resell Think Surgical's robotic equipment for orthopedic surgery within the "Russian Federation." (A copy of this Contract is attached to this Complaint as Exhibit E.)

28. On November 3, 2016, pursuant to the authorization contained in the Distribution Agreement with Think Surgical and also pursuant to the active direction and the explicit approval/ratification by Think Surgical, Rational Solutions entered into a second contract with the Vaysmans' company, Innovative whereby Innovative was appointed Rational Solutions "exclusive distribution agent" to resell Think Surgical's robotic equipment for orthopedic surgery in the countries of Armenia, Azerbaijan, Estonia, Georgia, Kazakhstan, Kyrgyzstan, Latvia, Lithuania, Tajikistan, Turkmenistan, and Uzbekistan. (A copy of this Contract is attached to this Complaint as Exhibit F.)

29. On November 3, 2016, pursuant to the authorization contained in the Distribution Agreement with Think Surgical and also pursuant to the active direction and the explicit approval/ratification by Think Surgical, Rational Solutions entered into a 3d contract with the Vaysmans' company, MRS whereby MRS was appointed Rational Solutions' "exclusive distribution agent" to resell Think Surgical's robotic equipment for orthopedic surgery within the State of Israel. (A copy of this Contract is attached to this Complaint as Exhibit G.)

30. Think Surgical ratified its prior approval of Rational Solutions' contracts and relationships with the Vaysmans and their companies. (See Memorandum of Understanding, dated May 30, 2016, attached to this Complaint as Exhibit H).

**Discovery of Think Surgical's and the Vaysmans' Fraudulent Scheme**

31. In early 2017, Defendant Think Surgical, working with, among others in the conglomerate, employees and agents of Curexo, started its calculated, systematic process of impeding Rational Solutions' efforts to fulfill its obligations under the Consultancy, Business Development and Distribution agreements.

32. In the beginning of 2017, Defendant Think Surgical commenced efforts to communicate and engage with Rational Solutions' agents and business contacts in its territories, including but not limited to those of the Defendants, the Vaysmans, without first informing the Plaintiffs either of their intention to do so, or with authorization from Plaintiff to do so.

33. Upon information and belief, Defendant Think Surgical communicated and met with the Vaysmans prior to, and in anticipation of, a medical conference in Moscow, without the knowledge of

Plaintiffs, in which they discussed the prospect of the Vaysmans becoming Think Surgical's agents in Rational Solutions territories.

34. At the June 2017 Moscow conference, Defendant Think Surgical met alone with the Vaysman Defendants, without the knowledge of Plaintiffs, to further discuss the prospect of their becoming Think Surgical's agents in Rational Solutions territories.

35. By correspondence dated June 22, 2017, Defendant Think Surgical purported to "terminate" the Consulting Agreement and the Business Development Agreement. (A copy of this correspondence is attached to this Complaint as Exhibit I.)

36. Defendant Think Surgical's purported termination of the Business Development Agreement was not in accordance with the 90-day advance notice requirement contained in the contract.

37. The purpose of the Defendant Think Surgical's efforts to terminate its contractual relationship with Rational Solutions was to eliminate Rational Solutions and its commissions from the distribution chain of its products in the territories granted to Rational Solutions, and thereby increase its profits by selling its medical robotic devices directly to Rational Solutions' agents -- the Vaysmans and their companies-- which had been identified, obtained, developed and trained at considerable expense by Rational Solutions.

38. The Vaysman Defendants conspired and colluded with Defendant Think Surgical in efforts to oust Plaintiff Rational Solutions from its exclusive distributorship, and obtain the exclusive distributorship, and all fees and commissions, for themselves.

39. Upon information and belief, following the Moscow conference in June 2017, Defendant Think Surgical again had direct communications with the Vaysman Defendants without Plaintiffs' knowledge, and entered into an informal agreement whereby the Vaysmans and their companies would be appointed as Think Surgical's distribution agent(s) in the Russian federation, CIS and the State of Israel.

40. Upon information and belief, in July 2017, the Vaysman Defendants' agent/employee, Natalie Barlev, visited California to meet with and investigate Think Surgical's facilities in support of the scheme to become Think Surgical's direct, exclusive distributor, but the Vaysman Defendants concealed the true investigative /the actual purpose of said visit reason for the visit from Plaintiffs.

41. On July 14, 2017, Think Surgical approved the form of Power of Attorney ("POA") for the Vaysmans in the Russian federation, which Rational Solutions had been requesting since April 2016. (A copy of the Power of Attorney is attached as Exhibit J.)

42. On September 11, 2017, without any advance notice or opportunity for consultation with Rational Solutions and its principals about any issues it may have had with it as required by the Distribution Agreement, Defendant Think Surgical sent a purported "notice of termination" of the Distribution Agreement between Rational Solutions and Think Surgical. (A copy of this letter is attached to this Complaint as Exhibit K.)

43. Notwithstanding that Think Surgical "terminated" its contract with Rational Solutions, the parties' contract is clear that Think Surgical is required to "immediately" remit the $400,000 deposit moneys back to Rational Solutions, which Think Surgical has failed and otherwise repeatedly refused to remit said refund to Rational Solutions.

44. Prior to sending the September 11, 2017 notice of termination, Defendant Think Surgical had not expressed any issues or concerns to Plaintiffs regarding its performance under the Distribution Agreement.

45. The termination letter states false and fictitious bases for claiming that Rational Solutions had "breached" its agreement with Think Surgical, including a false claim that Rational Solutions entered into a distribution agreement with Analitica without Think Surgical's written consent in breach of their agreement.  (Exhibit K.)

46. On September 13, 2017, Rational Solutions, not knowing at that time that the Vaysman Defendants had colluded with Defendant Think Surgical, provided the Vaysmans with a copy of Think Surgical's letter terminating the Distribution Agreement.

47. The Vaysmans' communications and collusion with Think Surgical and its employees and agents was in breach of their written agreements with Rational Solutions, including the Non-Disclosure Agreement between the Vaysmans and Rational Solutions dated 01/27/2017.

48. In response, on November 8, 2017, two of the Vaysmans' companies, Analitica and MRS, filed a lawsuit against Plaintiffs in the Superior Court of Massachusetts in an action entitled Medical Robotic Systems Ltd. et als. v. Rational Solutions, LLC et als., Berkshire County Superior Court Civil

Action No. 1776CV00269 (the "Massachusetts Superior Court Action"), claiming that, due to Think Surgical's termination of its contracts with Rational Solutions, the Plaintiffs are liable to them for, inter alia, breach of the distribution contracts between the Vaysmans' companies and Rational Solutions, for which Plaintiffs Rational Solutions and Stanislav Shalayev have incurred and continue to incur extensive costs and damages in defending.

49. Two days later, on November 10, 2017, the Vaysman Defendants met with Defendant Think Surgical in Fremont, California, and entered into an exclusive Distribution Agreement with the Vaysmans' company, Analitica. (A copy of this Contract between Think Surgical and the Vaysmans company is attached as Exhibit L.)

## FIRST CAUSE OF ACTION

### Deceit – Fraud in the Inducement

### (Plaintiffs vs. Think Surgical)

50. Plaintiffs incorporate by reference all prior allegations as though fully set forth herein.

51. Defendant Think Surgical willfully and intentionally engaged in fraud and deceit as defined by California Civil Code § 1709- 1710 and case law.

52. Defendant Think Surgical induced Plaintiffs to enter into the Business Development Consultancy Agreement and the Distribution Agreement and expend extensive time and money to develop the market for Think Surgical's products and obtain appropriate distribution agents in the territories, by promising to grant Plaintiff the exclusive distribution rights and commissions for sale of the robotic medical devices.

53. Defendant Think Surgical's fraudulent promises to grant Plaintiffs exclusive distribution rights  occurred on the dates and in the manner discussed herein and in Exhibits A-C.

54. Defendant Think Surgical's assertions and promises, which induced Plaintiffs to expend great time and expense to develop distribution agents, were not true facts and Defendant did not believe their assertions and promises to be true.

55. Defendant Think Surgical intentionally concealed and suppressed from Plaintiffs the true facts that they would bypass Plaintiffs as distributors, and contract directly with the agents that Plaintiffs developed, to hide their unlawful scheme.

56. Defendant Think Surgical made promises to Plaintiffs to facilitate Plaintiffs developing distribution agents in the territories pursuant to the Consultancy Agreement, the Business Development Agreement, and the Distribution Agreement, that it had no intention of performing.  To the contrary, Defendant intended to bypass Plaintiffs as distributors, and contract directly with the agents that Plaintiffs developed.

57. All of Defendant Think Surgical's promises, communications, and acts with Plaintiffs regarding the Consultancy Agreement, the Business Development Agreement, and the Distribution Agreement were knowingly false and made with the intent to deceive Plaintiffs to unlawfully bypass Plaintiffs as distributors, and contract directly with the agents that Plaintiffs developed.

58. All of Defendant Think Surgical's promises, communications and acts with Plaintiffs regarding the Consultancy Agreement, the Business Development Agreement, and the Distribution Agreement were made with the intent that Plaintiffs rely on the false representations and concealment of material facts, so Defendant could bypass Plaintiffs as distributors, and contract directly with the agents that Plaintiffs developed.

59. Based on Defendant Think Surgical's prior relationship and professional experience in the robotic medical device industry, Plaintiffs justifiably relied on the promises, assertions, and representations made by Defendant Think Surgical in inducing Plaintiffs to expend great time and expense to develop distribution agents.

60. As a direct result of Defendant Think Surgical's intentional, false representations and concealment of the true facts, Plaintiffs have been damaged in an amount to be proven at trial.

61. Defendant Think Surgical committed the acts herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiffs, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of Plaintiffs. Plaintiffs are thus entitled to recover punitive damages from Defendant Think Surgical in an amount according to proof.  (See Cal. Civ. Code § 3294.)

WHEREFORE, the Plaintiffs, Rational Solutions and Stanislav Shalayev, request that they be awarded an amount to be determined, plus costs, interest, attorney's fees, and punitive damages, against the Defendant, Think Surgical.

## SECOND CAUSE OF ACTION

### Breach of Contract - Distribution Agreement

### (Rational Solutions and Stanislav Shalayev v. Think Surgical)

62. Plaintiffs incorporate by reference all prior allegations as though fully set forth herein.

63. Rational Solutions entered into an exclusive Distribution Agreement with Think Surgical, for an initial term of March 1, 2016 – March 1, 2022, appointing it the exclusive authorized distributor of Think Surgical's robotic equipment for orthopedic surgery within Russian-speaking nations and territories of the former Soviet Union, and amended April 30, 2016, to include the territory of Israel. (Exhibits C and D.)

64. In 2016, in a showing of good faith and to solidify its relationship with Think Surgical, Rational Solutions placed a deposit of $400,000 with Think Surgical toward the delivery of two (2) medical robotic units in the future.

65. Think Surgical improperly "terminated" the agreement on September 11, 2017 (Exhibit K), giving reasons that are without factual or legal basis, and has refused to make payment of all amounts owed to Rational Solutions, past, present and future, in breach of the agreement.

66. Notwithstanding Think Surgical's 'termination' of the contract, Think Surgical failed and refused to return the $400,000 in deposit moneys to Rational Solutions, in further breach of the agreement.

67. Think Surgical's breach has also caused Plaintiffs to incur additional damages, including, but not limited to, costs and attorney's fees required in defending themselves against Analitica and Medical Robotic Systems' lawsuit against them in the Massachusetts Superior Court Action, and any judgment which might enter against Plaintiffs in said action, all of which are and would be predicated upon Think Surgical's wrongful, fraudulent and bad faith termination of Plaintiff Rational Solutions as its agent under the Distribution Agreement.

68. Plaintiffs damages

69. As a consequence of Think Surgical's breach of contract, Plaintiffs have suffered, and will continue to suffer, the above damages.

WHEREFORE, the Plaintiffs, Rational Solutions and Stanislav Shalayev, requests that they be awarded an amount to be determined, plus costs and interest, against the Defendant, Think Surgical.

### THIRD CAUSE OF ACTION

### Breach of Contract - Business Development Agreement

### (Rational Solutions v. Think Surgical)

70. Plaintiff incorporates by reference all prior allegations as though fully set forth herein.

71. Pursuant to the Business Development Agreement (Exhibit B), Rational Solutions developed business opportunities for distribution of Think Surgical products in Russian-speaking nations and territories of the former Soviet Union, for the agreed sum of $8,000 per month (plus expense reimbursement) for its services.

72. Defendant Think Surgical is in breach of said Agreement by virtue of its failure and refusal to make payment of all amounts owed thereunder to Rational Solutions.

73. Moreover, Think Surgical purported to 'terminate' the agreement on June 22, 2017 (Exhibit I), but such termination was not in conformity with the notice provisions of the contract (including the 90-days' notice provision), in further breach of the agreement.

74. As a consequence of Think Surgical's breach of contract, Rational Solutions has suffered damages in excess of $312,000.

WHEREFORE, the Plaintiff, Rational Solutions, requests that it be awarded an amount to be determined, plus costs, interest and its attorney's fees, against the Defendant, Think Surgical.

### FOURTH CAUSE OF ACTION

### Breach of Contract - Consultancy Agreement

### (Rational Solutions v. Think Surgical)

75. Plaintiff incorporates by reference all prior allegations as though fully set forth herein.

76. Pursuant to the March 1, 2013, Consultancy Agreement, Rational Solutions provided consulting services to Defendant Think Surgical for the development of next generation robotic medical devices, as well as attended professional conferences to provide information related to ongoing technical and clinical development of the market, which contract was extended through 2017.  (Exhibit A.)

77. Defendant Think Surgical was obligated to make monthly payments of $8,333.33, in addition to reimbursement for expenses to Rational Solutions.

78. Defendant Think Surgical is in breach of the agreement by virtue of its failure and refusal to make all payments owed, which are in excess of $105,000.

79. As a consequence of Think Surgical's breach of contract, Rational Solutions has been damaged in an amount in excess of $105,000.

WHEREFORE, the Plaintiff, Rational Solutions, requests that it be awarded an amount to be determined, plus costs, and interest, against Defendant, Think Surgical.

## FIFTH CAUSE OF ACTION

### Breach of Implied Covenant of Good Faith and Fair Dealing

**(Rational Solutions v. Think Surgical)**

80. Plaintiff incorporates by reference all prior allegations as though fully set forth herein.

81. There is in every contract entered in California an implied covenant of good faith and fair dealing, which presumes that neither party will do anything to interfere with the others ability to receive the fruits owed to it.

82. Defendant Think Surgical has breached the contracts between the parties by, not only refusing to pay all moneys owed under the contracts, but by frustrating Rational Solutions' rights to the benefits of the contracts.

83. Accordingly, Defendant Think Surgical has breached the implied covenant of good faith and fair dealing in the parties' contracts.

84. As a consequence of Defendant Think Surgical's conduct, Rational Solutions has been damaged in an amount to be proved at trial.

WHEREFORE, the Plaintiff, Rational Solutions, requests that it be awarded an amount to be determined, plus costs, and interest, against Defendant, Think Surgical.

## SIXTH CAUSE OF ACTION

### Tortious Interference with Contractual Relationship

**(Rational Solutions v. Think Surgical)**

85. Plaintiff incorporates by reference all prior allegations as though fully set forth herein.

86. In 2016, pursuant to the authorization contained in the Distribution Agreement with Think Surgical and also pursuant to the active direction and the explicit approval/ratification by Think Surgical, Rational Solutions entered into three third-party contracts with the Vaysmans' companies, which would be appointed as "agents" to resell Think Surgical's robotic equipment for orthopedic surgery within identified territories (Analitica (Exhibit E), Innovative (Exhibit F), and MRS (Exhibit G)).

87. Think Surgical had knowledge of the contracts and ratified its approval of Rational Solutions' contracts and relationships with the Vaysmans / their companies.  (See e.g., Exhibit H.)

88. Nevertheless, in 2017, Defendant Think Surgical and its employees and agents, including but not limited to employees and agents of Curexo and others in the conglomerate, commenced  their calculated, systematic process of interfering with these contracts by, inter alia, communicating directly with Rational Solutions' agents, without Plaintiffs' knowledge or permission.

89. Defendants acted with the purpose of disrupting the contracts between Rational Solutions and its agents and/or with the knowledge that interference was substantially certain to occur as a result of their actions.

90. As a direct result of Defendants' conduct, Rational Solutions' contracts with its agents were disrupted, which disruption gave inducements to the agents to breach of the contracts of their own companies with Rational Solutions,  the agents' lawsuit against Rational Solutions for purported breach, and Rational Solutions loss of business and opportunity to which it  was due under the contracts.

91. As a consequence of Defendant's conduct, Rational Solutions has been damaged by losing its contracts with its agents, being sued by its agents for breach, and incurring expenses in defending the same, in an amount to be proved at trial.

WHEREFORE, the Plaintiff, Rational Solutions, requests that it be awarded an amount to be determined, plus costs, and interest, against Defendant Think Surgical.

**SEVENTH CAUSE OF ACTION**

**Deceit – Fraud**

**(Plaintiffs vs. Inna Vaysman and Gregory Vaysman)**

92. Plaintiffs incorporate by reference all prior allegations as though fully set forth herein.

93. The Vaysman Defendants willfully and intentionally engaged in fraud and deceit as defined by California Civil Code § 1709 - 1710 and case law.

94. Between 2014 and 2016, Plaintiffs developed opportunities for marketing and distributing Think Surgical's robotic medical devices through engagements with Inna and Gregory Vaysman, owners of Analitica, MRS and Innovative Medical, who expressed an interest in becoming Rational Solutions' agent for distribution.

95. Upon information and belief, in 2017, despite their prior relationship with Plaintiffs, the Vaysman Defendants communicated and met with Defendant Think Surgical, including but not limited to, at a medical conference in June 2017 in Moscow, in which they discussed the Vaysmans becoming Think Surgical's direct agents in Rational Solutions' territories, knowing that Plaintiffs had no knowledge of the communications.

96. Upon information and belief, in July 2017, the Vaysman Defendants' agent/employee, Natalie Barlev, visited California to meet with and investigate Think Surgical's facilities in support of the scheme to become Think Surgical's direct, exclusive distributor, concealing from the Plaintiffs the actual purpose of said visit.

97. The true nature of these communications and meetings (to oust Plaintiffs as distributor) was material to Plaintiffs, such that the Vaysman Defendants had a duty to disclose their communications to Plaintiffs pursuant to the parties Non Disclosure Agreement, knowing the Plaintiffs had no knowledge of the facts and ongoing developments between the Vaysmans and Think Surgical.

98. Nevertheless, the Vaysman Defendants concealed the reason for the communications, meetings and visits with Think Surgical and Curexo from Plaintiffs, while acting and representing to Plaintiffs that they were acting on Plaintiffs' behalf as Rational Solutions' distribution agents.

99. The Vaysman Defendants' omissions and concealment effectively misled Plaintiffs from learning the scheme to oust Plaintiffs as exclusive distributor of Think Surgical's products.

100. Had Plaintiffs known the Vaysman Defendants were communicating and meeting with Think Surgical in efforts to become the direct distributor and oust Plaintiffs, the Plaintiffs would have taken action to secure their rights under their contracts and relationship with Think Surgical and the Vaysmans' companies.

101. As result of the Vaysman Defendants' material omissions and fraudulent conduct, Think Surgical terminated its contract with Plaintiff in September 2017, and contracted with the Vaysmans in November 2017, for the Vaysmans' company to become the exclusive distributor of Think Surgical.

102. Between September 11 and November 10, 2017, notwithstanding that they allegedly did not have a written contract with Think Surgical, the Vaysmans continued on with their promotion and marketing of Think Surgical's products.

103. Upon information and belief, prior to September 11, 2017, the Vaysmans and Think Surgical had already agreed on a joint venture between them.

104. The Vaysman Defendants conspired and colluded with Defendant Think Surgical in efforts to oust Plaintiff Rational Solutions from its exclusive distributorship, and obtain the exclusive distributorship, and all fees and commissions, for themselves.

105. As a direct result of Defendants' intentional, false representations and concealment of the true facts, Plaintiffs have been damaged in an amount to be proven at trial.

106. The Vaysman Defendants committed the acts herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiffs, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of Plaintiffs. Plaintiffs are thus entitled to recover punitive damages from the Vaysman Defendants in an amount according to proof. (See Cal. Civ. Code § 3294.)

WHEREFORE, the Plaintiffs, Rational Solutions and Stanislav Shalayev, request that they be awarded an amount to be determined, plus costs, interest, attorney's fees, and punitive damages, against the Defendants, Inna and Gregory Vaysman.

## EIGHTH CAUSE OF ACTION

### Tortious Interference with Contractual Relationship

**(Rational Solutions v. Inna Vaysman and Gregory Vaysman)**

107. Plaintiff incorporates by reference all prior allegations as though fully set forth herein.

108. Rational Solutions entered into an exclusive Distribution Agreement with Think Surgical, for an initial term of March 1, 2016 – March 1, 2022 (with extensions), appointing it the exclusive authorized distributor of Think Surgical's robotic equipment for orthopedic surgery within Russian-

speaking nations and territories of the former Soviet Union, and amended April 30, 2016, to include the territory of Israel.  (Exhibits C and D.)

109. The Vaysman Defendants had knowledge of the contract.

110. Nevertheless, in 2017, the Vaysman Defendants started their calculated, systematic process of interfering with this contract by, inter alia, communicating directly with Think Surgical' employees and agents, without Plaintiffs' knowledge or permission.

111. Upon information and belief, those communications included at the June 2017 Moscow conference, at which the Vaysman Defendants met alone with Think Surgical employees and agents, without the knowledge of Plaintiffs, to further discuss the prospect becoming Think Surgical's direct and exclusive distribution agents in Rational Solutions territories.

112. The Vaysman Defendants acted with the purpose of disrupting the contract between Rational Solutions and Think Surgical and/or with the knowledge that interference was substantially certain to occur as a result of their actions.

113. As a direct result of the Vaysman Defendants' conduct, Think Surgical purportedly "terminated" the agreement on September 11, 2017 (Exhibit K).

114. As a direct result of the Vaysman Defendants' conduct, Rational Solutions' contract with Think Surgical has been disrupted, resulting in the loss of business by Rational Solutions that it was due under the contract.

115. As a consequence of the Vaysman Defendants' conduct, Rational Solutions has been damaged by losing its contract with Think Surgical, being sued by its agents for breach, and incurring expenses in defending the same, in an amount to be proved at trial.

WHEREFORE, the Plaintiff, Rational Solutions, requests that it be awarded an amount to be determined, plus costs, and interest, against Defendants, Inna and Gregory Vaysman.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request judgment against Defendants as follows:

1. General and special damages according to proof;

2. Exemplary and/or punitive damages according to proof;

3. Such equitable relief as the court deems just, including:

    a) an accounting for all products sold by Inna Vaysman and Gregory Vaysman, through their companies, and which, under the terms of the Distribution Agreement, Rational Solutions would be entitled to a commission from September 11, 2017 to the date of the Court's Order; and

    b) imposition of a constructive trust against Defendants to prevent Defendants' unjust enrichment of the uncompensated work product Plaintiffs conferred and the resulting revenues and profits received, due to Defendants wrongful, fraudulent, and inequitable conduct.

    4. An award of Plaintiffs' attorneys' fees and cost of suit, where authorized by law;

    5. Pre- and Post-Judgment interest as allowed by law; and

    6. Such other relief as the court may deem just and proper.

Dated: 01/25/2018　　　　　　　　　　Respectfully Submitted,
　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　NEVIN LAW FIRM, P.C.
　　　　　　　　　　　　　　　　　　Jeffrey G. Nevin, Esq. (SBN 114295)
　　　　　　　　　　　　　　　　　　1939 Harrison Street, Suite 200
　　　　　　　　　　　　　　　　　　Oakland, CA 94612
　　　　　　　　　　　　　　　　　　Tel:  (510) 350-7338
　　　　　　　　　　　　　　　　　　Fax:  (415) 520-9668
　　　　　　　　　　　　　　　　　　jgn@nevinlawfirm.com
　　　　　　　　　　　　　　　　　　Attorney for Plaintiffs,
　　　　　　　　　　　　　　　　　　Rational Solutions, LLC and Stanislav Shalayev

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure, Rule 38(b), Plaintiffs demand a trial by jury as to all issues so triable in this action.

Dated: 01/25/2018　　　　　　　　　　Respectfully Submitted,
　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　NEVIN LAW FIRM, P.C.
　　　　　　　　　　　　　　　　　　Jeffrey G. Nevin, Esq. (SBN 114295)
　　　　　　　　　　　　　　　　　　1939 Harrison Street, Suite 200
　　　　　　　　　　　　　　　　　　Oakland, CA 94612
　　　　　　　　　　　　　　　　　　Tel:  (510) 350-7338
　　　　　　　　　　　　　　　　　　Fax:  (415) 520-9668
　　　　　　　　　　　　　　　　　　jgn@nevinlawfirm.com
　　　　　　　　　　　　　　　　　　Attorney for Plaintiffs,
　　　　　　　　　　　　　　　　　　Rational Solutions, LLC and Stanislav Shalayev